UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kerry Brooks, d/b/a Dock 6 Pottery,　　　　　　CASE NO. _____

　　　　Plaintiff,

vs.

Czoc Housewares, LLC, d/b/a
Thirstystone Resources, Inc.;
Target Corporation; and Does 1
through 15,

　　　　Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff, Kerry Brooks d/b/a Dock 6 Pottery, (hereinafter "Plaintiff" or "Dock 6"), by and through its undersigned counsel, alleges as follows for its Complaint against defendants Czoc Housewares, LLC, d/b/a Thirstystone Resources, Inc., Target Corporation and Does 1-15 (hereinafter "Thirstystone," "Target," "Doe-Defendants," respectively, or "Defendants" collectively).

## NATURE OF THE ACTION

1. This is an action for damages, accounting, and injunctive relief arising out of Defendants' infringement of Plaintiff's copyrights, and Defendant Thirstystone's deceptive trade practices.

## PARTIES

2. Dock 6 is a Minnesota-based business organized and doing business under

the laws of Minnesota, with its principal place of business located in Minneapolis, Minnesota.

3. Upon information and belief, Defendant Thirstystone is a Texas corporation, with its principal place of business located in Gainesville, Texas.

4. Defendant Target is a Minnesota corporation with its principal place of business located in Minneapolis, Minnesota.

5. Plaintiff is currently unable to identify the true names and identities of the additional Defendants sued herein, by the fictitious designation Does 1 through 15, inclusive, and therefore sues these Defendants by said fictitious designations ("Doe-Defendants"). Plaintiff intends to amend this Complaint consistent with the Federal Rules of Civil Procedure to insert their true names and capacities upon discovery.

6. Based upon further information and belief, Plaintiff alleges that each of the fictitiously-named Doe-Defendants herein is responsible in some manner and to some degree, whether contributorily, vicariously, intentionally or otherwise for the injuries, acts and damages hereinafter alleged, and at all times material herein, each of the fictitiously-named Doe-Defendants was the partner, joint venturer, subsidiary, co-conspirator, proprietor, proponent, principal, agent or employee of one or more, or each, of the remaining Defendants, and was also acting within the course, scope and purpose of said partnership, joint venture, conspiracy, service, proprietorship, agency or employment.

7. All Defendants are jointly and severally liable for the actions of each of the other Defendants.

## JURISDICTION AND VENUE

8. This Court has federal subject matter jurisdiction under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.* Jurisdiction is conferred under 17 U.S.C. § 501, as well as 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

9. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because this civil action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This action is also based upon state laws protecting against deceptive trade practices. This Court has pendant and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1338(b) and 28 U.S.C. § 1367(a), respectively.

11. This Court has personal jurisdiction over Defendants, since each is engaged in substantial business and/or has committed infringement, statutory violations and/or tortious acts within this judicial district. Specifically, upon information and belief, the Defendants operate and maintain business operations which identify, develop, import, produce, advertise, market, promote, offer for sale and sell infringing products through use of the Internet and physical retail locations to residents of Minnesota, in a manner that infringes upon Plaintiff's copyrights and also constitutes deceptive trade practices.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Furthermore, the infringing products have been displayed, offered for sale and sold within this judicial district.

## FACTS

13. Dock 6 is a Minnesota-based business, which manufactures and sells various ceramic products, including ceramic coasters.

14. Dock 6's coasters are sculpted in stoneware, which is then modified with particular glass components and further manufactured and glazed creating a unique two and three-dimensional artwork (hereinafter "Crackle Coasters").

15. Dock 6 sells its uniquely identifiable Crackle Coasters throughout the United States via its retail store, online shop, and through various retail distributors operating physical stores and online sales programs. A printout from Plaintiff's website with images of its Crackle Coasters is attached hereto and incorporated herein as **Exhibit A**.

16. Dock 6's Crackle Coasters are marketed and sold under the name "Crackle Coasters."

17. Plaintiff applied for copyright registration of its Crackle Coasters with the Register of Copyrights (the "Copyrighted Works"). On March 18, 2014, the U.S. Copyright Office issued Certificate of Registration number VA1909579 for the Crackle Coasters. A copy of the Copyright registration is attached hereto and incorporated herein as **Exhibit B.**

18. Defendant Thirstystone is also in the business of designing, manufacturing and distributing coasters throughout the United States.

19. Defendant Target is a well-known retailer that sells goods throughout the world via their ubiquitous Target stores and through their website www.target.com.

20. Defendant Thirstystone began manufacturing, distributing and selling coasters that are substantially similar to Plaintiff's Copyrighted Works (the "Infringing Coasters").

21. Defendant Thirstystone markets and sells their Infringing Coasters under the nearly-identical name, "Crackle Glass Coasters." A printout from Defendant Thirstystone's online 2015 Entertaining Catalog is attached hereto and incorporated herein as **Exhibit C**.

22. Upon information and belief, Thirstystone displayed, distributed, marketed, and sold their Infringing Coasters under the name "Crackle Glass Coasters" throughout the United States via sales representatives, websites, online retail sites and through various distributors, such as Defendant Target and certain of the other Doe Defendants.

23. On or about August 31, 2015, counsel for Dock 6 sent a cease and desist letter to Defendant Thirstystone, giving Thirstystone notice of Plaintiff's exclusive rights, its Copyright registration for the Crackle Coasters, demanding that Thirstystone cease the production, display, distribution and sales of all infringing works, and destroy any remaining copies.

24. On September 15, 2015, Defendant Thirstystone claimed it ceased sales and shipping.

25. Contrary to Defendant Thirstystone's representations, Infringing Coasters continued to be displayed, sold and distributed by Thirstystone, including, but not limited to transactions in Minnesota on September 24, 2015 and November 17, 2015.

26. Based upon information and belief, as of the filing of filing this Complaint,

Thirstystone and the Doe Defendants continue to display, offer for sale, and/or distribute Infringing Coasters and use deceptive trade practices to do so, such as the nearly-identical name and displaying images which are copied from or confusingly similar to Plaintiff's Crackle Coasters, in violation of Plaintiff's rights. Examples of websites offering Defendant Thirstystone's Infringing Coasters are attached hereto and incorporated herein as **Exhibit D.**

27. On or about September 2, 2015, counsel for Dock 6 sent a cease and desist letter to Defendant Target, giving Target notice of Plaintiff's exclusive rights, its Copyright registration for the Crackle Coasters, demanding that Target cease the distribution and sales of all infringing works, destroy any remaining copies and provide written assurance of its compliance.

28. Although Target has responded, it continues to display the Infringing Coasters on its retail website. An example of Target's website displaying one of Defendant Thirstystone's Infringing Coasters is attached hereto and incorporated herein as **Exhibit E**.

29. Based upon information and belief, Thirstystone, Target and the Doe Defendants have publicly displayed and, as of the date of filing this Complaint, continue to publicly display images of the Infringing Coasters through various print materials and online.

30. Upon information and belief, Dock 6's Copyrighted Works have been and continue to be infringed by Thirstystone, Target and the Doe-Defendants, through the unauthorized acts of manufacturing copies, displaying copies, distributing copies and

making derivative works of Dock 6's Copyrighted Works.

**COUNT I – COPYRIGHT INFRINGEMENT**
**PURSUANT TO 17 U.S.C. §§ 101 AND 501, ET SEQ.**
**(AS TO ALL DEFENDANTS)**

31. Dock 6 re-alleges and incorporates by reference as though set forth in full the allegations contained in all previous paragraphs.

32. Dock 6 has successfully registered its Copyrighted Works under the title "Crackle Coaster" via Registration Number VA 1-909-579.

33. Dock 6 is the owner of the Copyrighted Works and has the exclusive right to reproduce, prepare derivative works, distribute and publicly display its Copyrighted Works in the United States.

34. Defendants have infringed Dock 6's exclusive copyrights, including the rights of reproduction, distribution, creating derivatives and/or public display, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35. Some of Defendants' infringing activities have occurred after March 18, 2014.

36. In particular, Defendant Thirstystone's acts have been deliberate, intentional and purposeful, in reckless or intentional disregard of and with willful indifference to Dock 6's rights.

37. As a direct and proximate result of Defendants' forgoing acts and conduct, Dock 6 has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe Dock 6's Copyrighted Works. Plaintiff is entitled to injunctive relief

pursuant to 17 U.S.C. § 502.

## COUNT II – VIOLATION OF MINNESOTA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (AS TO THIRSTYSTONE AND THE DOE DEFENDANTS)

38. Dock 6 re-alleges and incorporates by reference as though set forth in full the allegations contained in all previous paragraphs.

39. This cause of action arises under the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43-48 *et seq*.

40. Among the realleged and incorporated allegations, Paragraphs 14-16, 20-22, and 25-26 more specifically provide the factual allegations giving rise to this cause of action.

41. Defendants' acts cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of their Infringing Coasters.

42. Defendants' acts cause a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by Dock 6.

43. Defendants' activities complained of constitute violations of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44 Subd. 1(1)-(3) and (13).

44. If Defendants' deceptive acts are allowed to continue, Dock 6 will continue to suffer irreparable injury for which it has no adequate remedy at law. Plaintiff is entitled to injunctive relief pursuant to Minn. Stat. §325D.45 Subd. 1.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That judgment be entered for Plaintiff and against Defendants on each of Plaintiff's claims for relief;

2. For a temporary restraining order, preliminary and permanent injunction ordering Defendants and their agents, servants, employees, attorneys and those acting in concert or participation with any of them to:

    i. Cease and desist from creating copies, preparing derivative works, distributing copies or derivative works, and publicly displaying copies or derivative works of Plaintiff's Copyrighted Works;

    ii. Delete and disable public viewing and access to Defendants' Infringing Coasters or Plaintiff's Copyrighted Works, including but without limitation, deleting all copies or images of Defendants' Infringing Coasters or Plaintiff's Copyrighted Works, and further prohibiting the offering, sale or distribution of Infringing Coasters from any database, server, or other storage device owned, controlled or authorized by Defendants;

    iii. Refrain from engaging in deceptive trade practices by advertising, promoting, marketing, selling or offering for sale Defendants' Infringing Coasters or otherwise misleading, deceiving and/or confusing others as to the origin of any of Defendants' Infringing Coaster products;

    iv. Refrain from engaging in any conduct that tends to confuse, mislead or deceive members of the public into believing that the Infringing

9

      Coasters reproduced, distributed, and/or publicly displayed by Defendants are sponsored, approved or authorized by Plaintiff;

  v. To recall and deliver up for destruction all advertising, promotional or marketing materials and Infringing Coasters or other articles which infringe Plaintiff's copyrights or are violative of Minnesota's Uniform Deceptive Trade Practices Act; and

  vi. Within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff's attorneys a written report under oath setting forth in detail the manner in which Defendants have complied with the foregoing paragraphs.

3. For maximum statutory damages with respect to each infringement of Plaintiff's Copyrighted Works, or for such other amount as may be proper or, alternatively, at Plaintiff's election, full restitution, actual damages suffered as a result of the infringement, an equitable accounting and disgorgement of all revenues and/or profits wrongfully derived by Defendants from their copyright infringement and deceptive trade practices;

4. Awarding any and all damages sustained by Plaintiff resulting from Defendants' wrongful and infringing acts;

5. Awarding Plaintiff's attorney's fees and full costs, pursuant to the Copyright Act and Minnesota's Uniform Deceptive Trade Practices Act;

6. Awarding Plaintiff pre-judgment interest on its judgment; and

7. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, pursuant to Fed. R. Civ. P. 38(b), demands a trial by jury as to all issues so triable.

                                        **HELLMUTH & JOHNSON, PLLC**

Date: November 18, 2015          *s/ Russell M. Spence, Jr.*
                                           Russell M. Spence, Jr., ID No. 0241052
                                           Maxwell S. Felsheim, ID No. 0387459
                                             8050 West 78th Street
                                             Edina, MN 55439
                                             Email: mspence@hjlawfirm.com
                                                          mfelsheim@hjlawfirm.com
                                             Telephone: (952) 941-4005
                                             Facsimile: (952) 941-2337

                                             **ATTORNEYS FOR PLAINTIFF**
                                             **DOCK 6, LLC**